5. Privileged: For contracts of sale to be executed and delivered.

6. Other Insurance: Other insurance permitted without notice until required.

7. Method of Computing Premium: The premium under this policy shall be calculated by applying "this Company's percentage of liability" to the result obtained by multiplying one-half of the specified "Estimated Completed Cost" of each building or structure by the rate applicable thereto.

8. Final Adjustment Clause: Since the premium under this policy has been based on the "estimated" completed cost of the building or buildings or structure insured hereunder, it shall be optional with the insured or company for the premium to be recomputed on the basis of "actual" completed cost and the premium adjusted accordingly. This Company or its duly appointed representative shall be permitted at all reasonable times during the term of this policy or within one year after liability hereunder has ceased, to inspect the property insured and to examine the insured's books, records and policies in so far as they relate to any property covered hereunder, and to check actual cost of buildings insured. This inspection and/or examination shall not waive or in any manner affect any of the terms or conditions of this policy.

NOTE: Earned premium in the event of cancellation shall be computed on each item separately.

9. If this policy insures two or more projects at different locations, the provisions of this form shall apply to each project or location separately.

FORM No. 21

Effective
November 1, 1935

Jim WILKINS, et al., Appellants,

v.

STATE of Texas, et al., Appellees.

No. 10–86–049–CV.

Court of Appeals of Texas,
Waco.

July 24, 1986.

Rehearing Denied Aug. 21, 1986.

Louis Francis and Robert Huckabee, Bean, Francis, Wills and Street, Dallas, for appellants.

Jim Mattox, Atty. Gen., Jack Hightower, 1st Asst. Atty. Gen., Mary F. Keller, Executive Asst. Atty. Gen., Dudley Fowler, Chief, Highway Div., Grady Click, Timothy S. Guill, Asst. Attys. Gen., Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Jim Wilkins, et al, from summary judgment that they take nothing in their suit against defendants State of Texas and State Department of Highways and Public Transportation.

Plaintiffs Jim Wilkins, et al., sued the State of Texas and the State Highway Department under the Texas Tort Claims Act alleging that on December 9, 1982, plaintiff Wilkins was driving in a northerly direction on Highway 14 in Navarro County; that four of the other plaintiffs were passengers in the car; that the Wilkins' automobile was forced to stop on the roadway and was struck from the rear by a truck operated by Teddy Joe Pair; and that Ruth Stephens (a passenger in Wilkins' car) was killed and the other plaintiffs were injured. Plaintiffs alleged defendants (the State and the Highway Department) were negligent in: (1) routing a wide trailer through a narrow passageway; (2) failing to use an alternate and safer route; and (3) failing to properly inspect the route. They alleged the foregoing was negligence and a proximate cause of injuries to plaintiffs for which they are entitled to damages of over a million dollars.

Defendants answered by general denial, and thereafter filed a motion for summary judgment that plaintiffs take nothing because: (1) no notice was given pursuant to the Tort Claims Act; (2) the issuance of permits does not constitute use of tangible property under the Tort Claims Act; and (3) the issuance of permits by the clerk was a discretionary act which exempted defendants from liability.

The summary judgment record reflects that Manufacturers Mobile Home Transports, Inc., applied to the Texas Highway Department for a permit to carry a mobile home from Athens to Austin; that the permit-issuing clerk routed the itinerary down a portion of State Highway 14 in Navarro County; that as the mobile home approached a railroad tressel on Highway 14 in a relatively narrow section of the roadway, and a vehicle approaching from the opposite direction operated by plaintiff Wilkins stopped to allow the mobile home to emerge from the overpass; and that as plaintiffs' vehicle stopped it was rear-ended by a tractor-trailer rig operated by Teddy Joe Pair. The ensuing crash caused plaintiffs many injuries including the death of Ruth Stephens. Plaintiffs' cause of action asserts negligence on the part of the State of Texas and the State Highway Department in granting the permit to Manufacturers Mobile Home Transports, Inc., to route a wide load down Highway 14 in Navarro County and that such negligence was a proximate cause of plaintiffs' injuries and damages. The trial court granted defendants' motion for summary judgment and decreed that plaintiffs take nothing.

Plaintiffs appeal on 3 points.

Point 2 asserts "the trial court erred in granting defendants' motion for summary judgment and in implicitly holding as a matter of law that the negligent issuance of a permit to transport mobile homes over state highways was not a use of tangible property, and therefore plaintiffs did not have a cause of action under the Texas Tort Claims Act".

Defendants by reply point assert that the trial court properly held that the facts al-

leged by plaintiffs did not constitute a "negligent use of tangible property" as the phrase is used in the Texas Tort Claims Act.

Before the State of Texas granted its limited waiver of sovereign immunity, the State, and its agencies and political subdivisions, had full immunity from liability for torts. *State v. Brannan*, CCA (Waco) NRE, 111 S.W.2d 347, 348. The State retains that immunity except to the extent waived by the Tort Claims Act. *Duhart v. State*, S.Ct., 610 S.W.2d 740, 741; *Lyons v. Texas A & M University*, CCA (Houston, 14) NRE, 545 S.W.2d 56, 58. Therefore, to maintain a cause of action against the State, plaintiffs must plead and pursue their cause of action under the expressed terms of the Tort Claims Act. *Duhart, supra.*

Our Supreme Court, in *Lowe v. Texas Tech University*, 540 S.W.2d 297, paraphrased that portion of section 3 of the Tort Claims Act pertinent here as follows:

> Each unit of government in the state shall be liable for money damages for … personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office … from *some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.*

*Id.* at 298–99 (emphasis added).

We think plaintiffs' contentions are outside the purview of the Tort Claims Act. Plaintiffs alleged that defendants' employees were negligent:

(a) in routing a wide trailer through a narrow passageway;

(b) in failing to use an alternate and safer route; and

(c) in failing to properly inspect the route.

They also alleged that "[e]ach of the above acts or omissions was negligence and the proximate cause of the collision and damages and injuries to the plaintiffs".

Plaintiffs assert the issuance of the permit to transport the mobile home from Athens to Austin over the route designated "involves liability from some use of tangible property" under the Tort Claims Act. The injury must be proximately caused either by the negligence of an employee acting within the scope of his employment in that employee's use of tangible property, or under circumstances where an employee or agent furnished tangible property, the use of which caused personal injury. *Hein v. Harris County*, CCA (Houston, 1) NRE, 557 S.W.2d 366, 369.

The defendants did not use any tangible property and did not furnish any tangible property for plaintiffs to use. The allegations "routing a wide trailer through a narrow passageway", "failing to use an alternate or safer route", or "failing to properly inspect the route" do not in any way involve using tangible property or furnishing plaintiffs tangible property.

Every case relied on by plaintiffs involves situations where a governmental agent or employee was negligent in the use of tangible property, or furnished defendant property, the use of which caused some injury.

Here the Highway Department gave Manufacturers Mobile Home Transports, Inc., permission to transport a wide load down Highway 14 in Navarro County. A piece of paper evidencing the permission was issued to Mobile Home Transports as evidence of the permission granted. This in no way constituted a use of tangible property by a state agency, making the State liable under the Tort Claims Act. The "permit" had absolutely no causal connection to plaintiffs' injuries and thus plaintiffs have no cause of action under the Tort Claims Act.

Plaintiffs' point 2 is overruled which requires affirmance of the trial court's judgment. Under our view of the case we do not reach plaintiffs' other points.

AFFIRMED.