**JEFFERSON COUNTY,**
Texas, Appellant,

v.

Dwayne **STERK**, Appellee.

No. 09–91–282 CV.

Court of Appeals of Texas,
Beaumont.

April 23, 1992.

Rehearing Denied May 21, 1992.

Tom Maness, Crim. Dist. Atty., Roger N. Fry, Asst. Crim. Dist. Atty., Beaumont, for appellant.

Jimmy W. Nettles, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is a case tried under the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.001–101.109 (Vernon 1986 & Supp. 1992). A warrant had been issued for Dwayne Sterk in connection with probation revocation proceedings. The probation case was resolved, but through error, the warrant for arrest was not withdrawn from the active files of the sheriff's department. Sterk's picture was broadcast on a television production called "Crimestoppers", during which it was alleged that Sterk was a fugitive when in fact the warrant should have been withdrawn. The Port Neches Police Department arrested Sterk. Dwayne Sterk sued Jefferson County, alleging the County caused his false arrest by virtue of its negligence, and was further negligent in releasing the erroneous information to a television station for broadcast to the public. The case was tried to the court, which entered the following findings of fact:

(1) On or about March 23, 1989, a capias (an arrest warrant) for the Plaintiff was prepared by or at the direction of the Defendant for the arrest of the Plaintiff.

(2) The Court finds that the capias entered into evidence by the Plaintiff is the personal property, the use of which forms the basis of this lawsuit under the Texas Torts Claims Act.

(3) The subject matter made the basis of the arrest warrant was dismissed against the Plaintiff, and the Defendant having possession of the warrant and knowledge that the warrant was no longer valid, failed to take appropriate action to pull or withdraw the execution of the warrant which should have been recalled prior to the date of Plaintiff's arrest on June 27, 1989.

(4) The Court finds that as a result of the Defendant's failure to recall the capias in question, the Plaintiff's photograph was displayed during a television broadcast and the Plaintiff was identified as a wanted person.

(5) The Plaintiff, as a direct and proximate cause of the negligence of the Defendant's servants, representatives, employees, agents, or persons acting on behalf of the Defendant, suffered injury and damages, such injuries include severe mental anguish, emotional distress, embarrassment, humiliation, and a change of personality. As trier of such facts, The Court finds the Plaintiff's damages in the amount of $25,000.00

(6) The Court finds that the Plaintiff's damages in the amount of $25,000.00 were solely caused as a result of the negligence of the Defendant.

Jefferson County raises four points of error, which we address out of order because the last three points are without merit and may be summarily dispatched.

■ Point of error two contends the trial court erred in awarding damages to Sterk based upon his arrest because sovereign immunity bars recovery for false arrest or false imprisonment. The point is without merit because the fact that an action for an intentional tort is barred does not prevent an injured party from pursuing a claim for simple negligence arising out of the same facts. *Texas Department of Mental Health and Mental Retardation v. Petty,* 817 S.W.2d 707, 712 (Tex.App.—Austin

1991, writ granted). Point of error two is overruled.

■ Point of error three presents several arguments why the trial court erred in awarding damages for the Crimestoppers broadcast. First, the County contends section 101.055(3) of the Tort Claims Act excludes liability for "the method of providing police or fire protection". We do not construe this clause to exclude from the Act liability for activity by the government in its policing capacity. Rather, it excludes from liability the formulation of policy, not its negligent implementation. *State v. Terrell*, 588 S.W.2d 784, 788 (Tex.1979); *City of Waco v. Hester*, 805 S.W.2d 807, 812 (Tex.App.—Waco 1990, writ requested).

Next, the County argues this aspect of the case sounds in defamation, and urges the County cannot be held liable because its conduct amounted only to simple negligence. Damages recoverable in simple negligence are those which are reasonably foreseeable. The County also contends that the Crimestoppers broadcast was a privileged communication made in the discharge of a public duty. The suit was in simple negligence, not defamation.

■ The County argues that the only damages recovered were for mental anguish, which damages are not recoverable in the absence of a finding that the tortfeasor acted knowingly and with conscious indifference. Such a finding may be implied from the court's finding of damages for mental anguish. Tex.R.Civ.P. 299. Point of error three is overruled.

Point of error four urges the trial court erred in failing to make specific findings as to the damages sustained in each of the two incidents of which is complained. Sterk urged a single act of negligence. The broadcast and the arrest were not acts of negligence but foreseeable consequences of a single act of negligence in failing to withdraw the warrant. Point of error four is overruled.

■ Point of error one contends the trial court erred in finding that the capias is

"tangible personal property" the misuse of which is actionable under the Tort Claims Act. *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30, 32 (Tex.1983), held that the tangible personal property need not proximately cause the injury; its use may be incidental to the negligence. *Salcedo* warns us that we must construe the Act liberally in favor of allowing persons to state a cause of action against the sovereign.

Appellant relies on *Robinson v. City of San Antonio*, 727 S.W.2d 40 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.), which held that a court order, in that case a protective order, is not tangible personal property. Tangible personal property is property which is capable of being handled, touched, or seen. *Id.* at 43. The protective order is a decision by the district court, and the fact that it is reduced to writing did not transform it from an intangible idea. The San Antonio court thus distinguished court orders from situations such as that in *Salcedo*, where the act of negligence, misinterpreting an electrocardiogram graph, was within the Tort Claims Act because the written record documented a tangible situation. *See Montoya v. John Peter Smith Hospital*, 760 S.W.2d 361 (Tex.App.—Fort Worth 1988, writ denied)[1]. The Austin court has held that a list of registered family homes for child care is not tangible personal property. *Eakle v. Texas Department of Human Services*, 815 S.W.2d 869 (Tex.App.—Austin 1991, writ requested). The Waco court has held that a permit issued by the Highway Department is a piece of paper evidencing permission and in no way constituted a use of tangible personal property. *Wilkins v. State*, 716 S.W.2d 96 (Tex.App.—Waco 1986, writ ref'd n.r.e.).

Sterk argues that *Robinson* is distinguishable, as it involves a "non-use" of the order. There is significant disagreement among the courts of appeal as to whether non-use of (failure to use) tangible personal property is actionable under the Act. *Compare, University of Texas Medical Branch of Galveston v. York*, 808 S.W.2d

---

1. The *Montoya* court held that a blank form triage slip which was not filled out until after the emergency room patient suffered a heart attack was not tangible personal property, and the failure to use the form was not "use" within the meaning of the Tort Claims Act.

106 (Tex.App.—Houston [1st Dist.] 1991, writ requested); *Montoya,* 760 S.W.2d at 363. We note that false arrest and false imprisonment are expressly barred by government immunity in section 101.057 of the Tort Claims Act, so that the *use* of the arrest warrant cannot be the basis of the county's liability. The same section bars any intentional tort, such as defamation. Thus, although the warrant was "used" in the sense that Sterk was arrested, Sterk attempts to establish liability for negligence through an act of nonfeasance, namely, the failure to remove the warrant from the active files, and the ground on which Sterk distinguishes *Robinson* does not truly distinguish the case. Regardless, the crucial weakness of his argument is that it does not matter if nonfeasance is actionable if court orders are not tangible personal property. We have found no case which holds that an order or decision of a court is tangible personal property.

The only tangible personal property found by the trial court was the capias itself. The capias is an order of a trial court to the sheriff to bring a person before the court. That it is reduced to writing does not change its character. In line with *Robinson,* the capias is not tangible personal property and Sterk did not acquire findings of fact of use of any other item of tangible personal property. Thus, Sterk has no cause of action under the Tort Claims Act.[2] Point of error one is sustained.

Sterk raises a single cross-point requesting damages for taking the appeal for the purposes of delay, and without sufficient cause. TEX.R.APP.P. 84. The cross-point is overruled in light of the successful prosecution of the appeal. We reverse the judgment of the trial court and render judgment that Dwayne Sterk take nothing of his suit.

REVERSED AND RENDERED.

---

**2.** Clearly Sterk suffered an injustice and damage. Unfortunately, the sovereign has not seen fit to provide a remedy.