**Dewell Ray HARPER, Appellant,**

v.

**Larry NEWTON and Debbie Newton, Individually and d/b/a Bosque County News, et al., Appellees.**

No. 10–94–210–CV.

Court of Appeals of Texas, Waco.

July 12, 1995.

---

Jon R. Ker, Hewitt, for appellant.

John Vance, Criminal District Attorney, Melanie Barton, Assistant District Attorney, Dallas, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

**OPINION**

THOMAS, Chief Justice.

Dewell Harper appeals from a summary judgment granted in favor of Dallas County. Harper claimed that the County injured him when it released a copy of an indictment charging him with theft after the records relating to that allegation had been expunged. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1995). The County moved for a summary judgment on the basis of the statute of limitations and sovereign immunity. We will reverse and remand for a trial.

Running as the incumbent, Harper lost the Democratic Party's 1992 primary election for sheriff of Bosque County. During the campaign William George, a supporter of Hollis Bogart, Harper's primary opponent, distributed copies of an indictment charging Harper with theft in Dallas County by posting copies of it on a bulletin board at the Bosque County courthouse, by handing copies to people in front of the VFW building in Clifton, and by leaving copies on windshields of vehicles and at mailboxes in several towns in Bosque County. Additionally, George took out advertisements in the *Bosque County News,* the local newspaper, alleging, among other claims, that Harper had been indicted for theft in Dallas County.

After losing the election, Harper sued George, Bogart, Bosque County, and the newspaper and its owners. After Harper learned during George's deposition that he had obtained a copy of the indictment from the Dallas County District Clerk's office in mid-May 1991, Harper amended his pleadings on February 3, 1994, to add the County as a defendant. In the amended petition, Harper alleged that "[the County,] by and through its Clerk of the District Courts, certified, and wrongfully and [illegally] released, disseminated, published and circulated, or caused to be certified, and wrongfully and [illegally] released, disseminated, published and circulated, or caused to be certified, and wrongfully and [illegally] released, disseminated, published and circulated, and provided to defendant [George] a certified copy of an instrument alleging to be a Grand Jury In-

dictment against the plaintiff in violation of Chapter 55 of the Texas Code of Criminal Procedure."

The County moved for a summary judgment, arguing that Harper's claims were barred by the one-year statute of limitations governing defamation actions and that it was immune from suits for defamation. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 16.002 (Vernon 1986), § 101.057(2) (Vernon 1986). In his response, Harper claimed that the County's immunity was waived under the Texas Tort Claims Act and by the expunction provisions of the Code of Criminal Procedure. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021; TEX.CODE CRIM.PROC.ANN. art. 55.04. In reply, the County asserted that the indictment was not "tangible personal property." *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2).

■ After a hearing, the court granted the County a general take-nothing judgment.[1] In this court, Harper raises two points of error disputing both theories advanced by the County in the trial court— arguing, first, that the County's sovereign immunity has been waived and, second, that he filed his suit against the County within one year of discovering the source of George's copy of the indictment.

■ We review the court's ruling under the well-established rules relating to summary judgments. *See* TEX.R.CIV.P. 166a(c); *McConnell v. Southside School Dist.*, 858 S.W.2d 337 (Tex.1993); *Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). The

court could grant the summary judgment only if there were no issues of material fact and the County was entitled to the judgment as a matter of law. *See id.* Because the court did not indicate which of the two alternative grounds it was basing its ruling on, Harper must show that the summary judgment was improper on each of the grounds in the County's motion. *See Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 79 (Tex. 1989). Thus, if either of the County's theories is correct, we must uphold the court's judgment.

■ In point one, Harper argues that the County's sovereign immunity has been waived by the Tort Claims Act. *See* TEX.CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.025. Under the doctrine of sovereign immunity, the County, as a governmental unit, would not be liable for the acts of its employees absent a constitutional or statutory waiver of the immunity. *University of Texas Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994); *IDC, Inc. v. County of Nueces*, 814 S.W.2d 91, 93 (Tex.App.—Corpus Christi 1991, writ denied). In the Tort Claims Act the legislature waived governmental immunity for certain torts. *Id.;* TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.021, 101.025. However, the waiver provisions of the Act do not apply to "a claim arising out of [an] intentional tort." *Id.* § 101.057(2).

■ The County argued in its motion for a summary judgment that it was immune from suits for defamation. If Harper's claims against the County are based on an intentional tort, the court's ruling is correct.[2]

---

1. Although not raised by the parties, we note that this summary judgment is made final and appealable by the court's inclusion of a "Mother Hubbard" clause stating that "all relief not expressly granted herein be denied." *See Mafrige v. Ross*, 866 S.W.2d 590, 590 n. 1 (Tex.1993); *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.— Amarillo 1994, writ denied). Generally, a summary judgment must dispose of all claims and all parties to be final and appealable; we do not have jurisdiction over an interlocutory, partial summary judgment. *See Mafrige*, 866 S.W.2d at 591. Harper named seven defendants in his first amended original petition. Although the other defendants do not have requests for summary judgments in the record before us, the court's judgment purports to deny all of the relief sought in the cause that is not expressly granted. Thus,

Harper's claims against these other defendants have been denied by the court in ruling on the County's motion for summary judgment. Although the court may have erred in granting unrequested relief, in the form of a summary judgment disposing of Harper's claims against the other defendants, such an error is not fundamental and Harper has not raised a complaint concerning the finality of this summary judgment. *See id.* at 592; *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 455 (Tex.1982). Thus, we conclude that the summary judgment before us is final and that we have jurisdiction. *See Mafrige*, 866 S.W.2d at 592.

2. If Harper is suing as a private person, a defamation action would be determined under a neg-

In his first amended original petition, Harper alleged:

The actions of [the County] were careless, reckless, and heedless to the rights of plaintiff and plaintiff's privacy and have forced plaintiff to forego the protection and anonymity afforded by Chapter 55, Texas Code of Criminal Procedure[,] to citizens wrongfully accused. . . .

Resolving any doubt about the sufficiency of the pleading in favor of Harper, the nonmovant, we conclude that Harper's claim—that the County was "careless . . . and heedless to [his] privacy" rights—adequately states a claim that the County was negligent. *See McDuff v. Chambers,* 895 S.W.2d 492, 496 (Tex.App.—Waco 1995, writ req'd). Thus, Harper's petition alleges a negligent cause of action against the County, and the court could not have granted a summary judgment in favor of the County strictly on the theory that it is immune from suits based on an intentional tort.[3]

■ Harper's negligence claim states a cause of action that may be actionable under the Tort Claims Act. The parties joined issue in the trial court over whether the indictment is tangible personal property. The County can be liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2). Thus, we must determine if an "indictment" is "tangible personal property" within the meaning of this section of the Act. If it is, then the court erred in granting summary judgment on the sovereign-immunity theory presented in the County's motion for a summary judgment.

■ "[T]angible personal property refers to something that has a corporeal, concrete, and palpable existence." *York,* 871 S.W.2d at 178. Because information is an abstract concept, lacking corporeal, physical, or palpable qualities, it is intangible. *Id.* at 179. Reducing information to writing on a tangible piece of paper does not alter its basic intangible nature. *Id.* Thus, the use or misuse of information does not constitute the use or misuse of tangible personal property and, so, does not result in waiver of sovereign immunity. *Id.*

In *York,* the court held that failure to record information and failure to rely on information which had been recorded in a patient's medical records is not use or misuse of tangible personal property sufficient to waive governmental immunity. *Id.* Since *York,* this rule has been applied in a variety of situations to uphold claims of sovereign immunity.[4] Other pre-*York* decisions

ligence standard. *See Foster v. Laredo Newspapers, Inc.,* 541 S.W.2d 809, 819–20 (Tex.1976), *cert. denied,* 429 U.S. 1123, 97 S.Ct. 1160, 51 L.Ed.2d 573 (1977). If, on the other hand, he is suing as a public official or a public figure he must meet an "actual malice" standard. *See id.* at 812; *Guinn v. Texas Newspapers, Inc.,* 738 S.W.2d 303, 304–06 (Tex.App.—Houston [14th Dist.] 1987, writ denied), *cert. denied,* 488 U.S. 1041, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989). Even though Harper held an elected office in Bosque County at the time of the alleged injury, his status must be established by the County when it seeks a summary judgment. *See id.* Because the County failed to attempt to establish which of these standards applies to Harper's claims, we conclude that it may not now claim that the negligence standard does not apply. *See McConnell v. Southside School Dist.,* 858 S.W.2d 337, 341 (Tex.1993).

**3.** We do not hold that Texas recognizes a cause of action for negligent invasion of privacy. We believe that the existence of this cause of action is an open question. *See Wheeler v. Yettie Kersting Memorial Hosp.,* 866 S.W.2d 32, 54 (Tex.

App.—Houston [1st Dist.] 1993, no writ); *C.T.W. v. B.C.G.,* 809 S.W.2d 788, 796 (Tex.App.—Beaumont 1991, no writ); *Boyles v. Kerr,* 806 S.W.2d 255, 259 (Tex.App.—Texarkana 1991), *rev'd on other grounds,* 855 S.W.2d 593, 601 (Tex.1993). We do necessarily hold, however, that the County was required to raise this issue by special exception before moving for a summary judgment based on the theory that Harper's only claim for relief is in the form of an intentional tort.

**4.** *See, e.g., Kassen v. Hatley,* 887 S.W.2d 4, 14 (Tex.1994) (failing to follow information recorded in patient files); *DeWitt v. Director, State Employees,* 897 S.W.2d 448, 450 (Tex.App.—Austin 1995, n.w.h.) (failure to release a physician's report); *Harrison v. Texas Bd. of Pardons & Paroles,* 895 S.W.2d 807, 809 (Tex.App.—Texarkana 1995, n.w.h.) (failing to follow the Field Services Procedural Manual provided to all parole supervision personnel); *Vincent v. West Texas State University,* 895 S.W.2d 469, 473 (Tex.App.—Amarillo 1995, n.w.h.) (publishing description of harassment in a student newspaper and recording false information in a job discrepancy form);

reached the same result, usually based on the "nonuse" of tangible personal property.[5] However, two pre-*York* cases explicitly rest on the information-is-not-tangible-property theory adopted by the *York* court. *See Jefferson County v. Sterk*, 830 S.W.2d 260, 263 (Tex.App.—Beaumont 1992, writ denied) (capias not tangible personal property because it is an order to the sheriff by the district court which has been reduced to writing); *Robinson v. City of San Antonio*, 727 S.W.2d 40, 43 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.) (protective order not tangible personal property because the order was a decision of the court and the fact that it had been reduced to writing did not transform the decision into tangible property). The County relies on these two cases for its argument that the indictment is not tangible property.

We believe, however, that the *York* characterization does not apply to an indictment and that the County's reliance on *Sterk* and *Robinson* is equally misplaced. In *York* and each of the cases cited which follow it, the papers memorialized a fact or decision that existed independently of the paper. That is, the information existed independently outside of the paper it was recorded on—the point that the *York* court made when it held that "the fact that information is recorded in writing does not render the information tangible property." *York*, 871 S.W.2d at 179. Thus, the papers at issue in these cases were "merely incidental" to the claims alleged. *See Montoya v. John Peter Smith Hosp.*, 760 S.W.2d 361, 364 (Tex.App.—Fort Worth 1988, writ denied).

The same cannot be said for an indictment. An indictment is "the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an offense." TEX.CODE CRIM. PROC.ANN. art. 21.01 (Vernon 1989). Thus, a necessary component of an "indictment" is the writing. Until the indictment is issued, there is no accusation of an offense. The indictment cannot exist independent of the writing itself. It may only be amended by physical alteration to the instrument. *See Ward v. State*, 829 S.W.2d 787, 793 (Tex. Crim.App.1992). An indictment is not an order or a charge by the grand jury. Rather, it is specifically the writing for presentment to the court. *See* TEX.CODE CRIM.PROC. ANN. arts. 20.20, 20.21, 20.22 (Vernon 1977 & Supp.1995). Absent the writing, there is no indictment. Thus, an "indictment" is not information which has been recorded in the *York* sense, rather, an indictment *is* a piece of paper. Because paper is tangible in that it can be seen and touched, an indictment is personal tangible property within the Act. *See York*, 871 S.W.2d at 178–79; TEX.CIV. PRAC. & REM.CODE ANN. § 101.021(2).

For the same reasons, we reject the County's reliance on *Sterk* and *Robinson.* As the Beaumont court recognized, the capias in *Sterk* was the written recording of the court's order to bring Sterk before it. *Sterk*, 830 S.W.2d at 263. If the court had failed to have its order reduced to writing, such failure may have affected the validity of Sterk's arrest; however, the failure would not have affected the validity of the court's order.

---

*Texas Dept. of Human Services v. Benson*, 893 S.W.2d 236, 239 (Tex.App.—Austin 1995, n.w.h.) (failing to redact informant's name from notes in child-abuse case file before releasing file to accused abuser); *Texas Youth Com'n v. Ryan*, 889 S.W.2d 340, 344–45 (Tex.App.—Houston [14th Dist.] 1994, n.w.h.) (failing to properly use and score written diagnostic tests concerning evaluation, placement, and control of attacker); *Tanner v. East Texas Mental Health, Inc.*, 889 S.W.2d 3, 5 (Tex.App.—Tyler 1994, no writ) (misuse of policies and procedures manual by incorrectly stating instructions); *Washington v. City of Houston*, 874 S.W.2d 791, 794–95 (Tex.App.—Texarkana 1994, no writ) (failure to gather, review, and maintain information in employee personnel file).

5. *See, e.g., Eakle v. Texas Dept. of Human Services*, 815 S.W.2d 869, 873 (Tex.App.—Austin 1991, writ denied) (papers memorializing discretionary action of approving "registered family homes" do not waive immunity); *Montoya v. John Peter Smith Hosp.*, 760 S.W.2d 361, 364 (Tex.App.—Fort Worth 1988, writ denied) (failure to fill out blank triage form not use of tangible property); *Russell v. Texas Dept. of Human Resources*, 746 S.W.2d 510, 513 (Tex.App.—Texarkana 1988, writ denied) (routine use of child abuse forms, office equipment and information does not waive immunity); *Wilkins v. State*, 716 S.W.2d 96, 98 (Tex.App.—Waco 1986, writ ref'd n.r.e.) (permit evidencing permission to transport a wide load on highway not use of tangible property).

Likewise, the protective order in *Robinson* memorialized the court's order establishing the parameters of the parties' contacts. *Robinson*, 727 S.W.2d at 41, 43. Failing to reduce the order to writing may have limited enforcement of the order, but it would have remained a valid order by the court. Thus, the holdings of the *Sterk* and *Robinson* courts, while in line with the Supreme Court's holding in *York*, are not applicable to the situation here.

Therefore, because Harper's claims against the County sound in negligence and the indictment is tangible personal property, we conclude that the County failed to show that it was entitled to sovereign immunity. Thus, the court erred if it granted summary judgment on this theory. Point one is sustained.

 In point two, Harper argues that the court could not grant the County a summary judgment on the theory that the statute of limitations had run. The County failed to conclusively establish that the one-year statute of limitations applies to Harper's claims. If Harper is claiming an invasion-of-privacy tort, the two-year statute of limitations may apply. *See Stevenson v. Koutzarov*, 795 S.W.2d 313, 319 (Tex.App.—Houston [1st Dist.] 1990, writ denied); TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a); *but see Cain v. Hearst Corp.*, 878 S.W.2d 577, 581–83 (Tex. 1994) (indicating possibility of applying the defamation procedural and substantive limitations to invasion-of-privacy torts in a decision refusing to recognize the tort of "false light"). The only argument presented by the County to the court about the statute of limitations expressly relied on the one-year defamation statute of limitations. Thus, the court could not have properly granted the County's summary judgment motion on the theory of limitations.

Additionally, even if Harper's claims are for defamation, the County failed to carry its burden of proof. The "discovery rule" applies to actions for defamation. *See Langston v. Eagle Pub. Co.*, 719 S.W.2d 612, 615 (Tex.App.—Waco 1986, writ ref'd n.r.e.). "Under this rule, a statute of limitation does not begin to run until the injured party learns of, or in the exercise of reasonable diligence, should have learned of the injury

or wrong giving rise to the action." *Id.* Because the County moved for a summary judgment based on limitations, it had the burden of negating the discovery rule by proving as a matter of law that there were no genuine issues of fact about when Harper discovered or should have discovered the nature of the injury. *See Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990). Harper alleged that the injury inflicted upon him by the County was the release of the indictment to George contrary to the expunction order, not the publication of the indictment by George. The County failed to establish that Harper should have known that George obtained the indictment from the District Clerk's Office after it had been expunged. Thus, the County failed to establish that Harper should have discovered "the nature of the injury" more than one year before filing his suit. *See id.* Point two is sustained.

Having sustained both of Harper's points of error, we reverse the court's judgment and remand this cause for trial.