**DALLAS COUNTY, Texas, Petitioner,**

v.

**Dewell Ray HARPER, Respondent.**

No. 95–1067.

Supreme Court of Texas.

Dec. 22, 1995.

Melanie Barton, Dallas, for petitioner.

Jon R. Ker, Hewitt, for respondent.

PER CURIAM.

This is a libel and slander case. We are presented with two issues: (1) whether an indictment is tangible personal property un-der the Texas Tort Claims Act; and (2) whether the statute of limitations is tolled on a defamation claim until the aggrieved dis-covers the source of the defamatory material. We answer the first question in the negative. Consequently, we need not reach the second. We reverse the judgment of the court of appeals and render judgment for Dallas County.

In 1992, Dewell Ray Harper, the incum-bent, lost the Democratic primary election for the office of Sheriff of Bosque County to Hollis Bogart. During the campaign which preceded the primary election, one of Bo-gart's supporters, William M. George, public-ly distributed copies of an indictment that had been previously issued against Harper for theft in Dallas County. This indictment had been expunged in 1990. After the elec-tion, Harper sued George, Bogart, and Bos-que County, among others, alleging libel and slander.

During George's deposition, Harper learned that George obtained the certified copy of the indictment from the Dallas Coun-ty District Clerk's office. Thereafter, Har-per amended his petition, joining Dallas County as a defendant. The County moved for summary judgment, asserting that the doctrine of sovereign immunity precluded Harper's claims, specifically because an in-dictment is not tangible personal property entitling Harper to maintain his suit under the Texas Tort Claims Act. It also asserted in its motion that the statute of limitations had run on Harper's claims. The trial court granted the County's motion on May 16, 1994, without specifying upon which ground it relied. The court of appeals reversed, holding that neither ground supported sum-mary judgment. 910 S.W.2d 9. We dis-agree.

The court of appeals held that sovereign immunity did not bar Harper's cause of ac-tion against Dallas County because the in-dictment was "tangible personal property" for purposes of the Texas Tort Claims Act. *Id.* at 12; *see* TEX.CIV.PRAC. & REM.CODE § 101.021(2). This characterization of the indictment is incorrect. In *University of Texas Med. Branch v. York*, we held that simply reducing information to writing on

paper does not make the information "tangible personal property." 871 S.W.2d 175, 179 (Tex.1994). An "indictment" is "the *written statement* of a grand jury accusing a person ... of some act or omission." TEX.CODE CRIM.PROC. art. 21.01 (emphasis added). An indictment is no more than a grand jury's pronouncement reduced to writing. It is not tangible personal property for purposes of waiver under the Texas Tort Claims Act in these circumstances.

Because of our holding, we need not reach the limitations issue. We should not be read, however, as approving the court of appeals' analysis of this issue.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this Court, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment in favor of Dallas County. TEX.R.APP.P. 170.