# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00649-CV

**The State Bar of Texas, Appellant**

**v.**

**Robert J. Wilson, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-18-004216, HONORABLE DON R. BURGESS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order of the district court of Travis County overruling a plea to the jurisdiction. Appellant is the State Bar of Texas (State Bar) and appellee is Robert J. Wilson.

In 2018, Wilson filed an unsworn declaratory judgment suit against the State Bar claiming that a 1994 letter by which he purportedly resigned from the practice of law was a forgery. By his suit, Wilson sought declaratory relief and actual damages as well as punitive damages. In response, the State Bar filed an unsworn plea to the jurisdiction challenging Wilson's petition, asserting, among other things, that Wilson's suit was barred by sovereign immunity. Neither party offered jurisdictional evidence. We will reverse the order and render judgment dismissing Wilson's cause of action for want of jurisdiction.

When a plea to the jurisdiction challenges the pleadings, the court determines whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction. If the pleadings

affirmatively negate the existence of jurisdiction, then the plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).

Wilson pleaded that in 1990 his law license was suspended for three years. During the suspension, Wilson was involved in litigation with his former associates. One result of his participation in that litigation was that the court found him in violation of the suspension order and imposed a fine.

In 1994, the State Bar received a letter supposedly signed by Wilson resigning from the practice of law. Thereafter, the State Bar listed Wilson as "resigned pending disciplinary action." Wilson alleged that the letter was not authentic.

Wilson alleged further that in 2012, seeking to obtain an Arizona law license, he wrote the State Bar requesting it to certify that he was in good standing in Texas and inquiring what steps were needed to perfect the request. The State Bar responded that Wilson should pay the outstanding fine and file a petition for re-instatement. Wilson alleged that he "completed this process," but that the State Bar still refused to change his standing based upon the 1994 letter of resignation. Wilson avowed further that the State Bar ignored his several requests to investigate or determine whether the 1994 letter of resignation was authentic.

Wilson pleaded further that in 2017, when he was a candidate for the Arizona Senate, a local newspaper published a story that he had resigned from the Texas Bar "in lieu of disciplinary action." He alleged that the news story was "damaging" to his campaign for the Senate and that such damage was proximately caused by the State Bar's refusal to investigate his requests concerning the alleged resignation and its refusal to correct his standing.

2

By way of relief, Wilson requested the court to declare that the letter of resignation was a forgery; that the court order the State Bar to disregard the said letter; that the court determine the State Bar had no other ground to continue to "suspend his license"; and that the court order that his law license be reinstated and that he be certified as a member in good standing. Wilson prayed for up to $99,000 in actual damages in addition to punitive damages for the State Bar's alleged negligence and willful conduct.

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction. *Id*. at 225–26. The State Bar is a governmental agency that is entitled to the protection afforded by sovereign immunity. *Doe v. Board of Dirs. of the State Bar of Tex.*, No. 03-15-00007-CV, 2015 WL 6656216, at *2 (Tex. App.—Austin Oct. 27, 2015, pet. denied) (mem. op.); *Laubach v. State Bar of Tex.*, No. 03-00-00282-CV, 2000 WL 1675701, at *2 (Tex. App.—Austin Nov. 9, 2000, no pet.) (mem. op.); *see* Tex. Gov't Code § 81.011(a) (describing State Bar as "an administrative agency of the judicial department of government").

Wilson sought a declaratory judgment from the district court that the 1994 letter of resignation was a forgery. The Uniform Declaratory Judgment Act, however, is not a general waiver of sovereign immunity. *Texas Parks & Wildlife v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011) (citing Tex. Civ. Prac. & Rem. Code § 37.006; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009)). Rather, the Act only waives sovereign immunity in those cases challenging the viability of statutes or ordinances. *Heinrich*, 284 S.W.3d at 377. Although the Act waives immunity in particular cases, Wilson's request for a declaration that the 1994 letter is a forgery does not fall within the scope of the express waiver.

Wilson pleaded that the State Bar failed and refused to investigate and make a determination whether he had resigned from the State Bar. To the extent that Wilson's pleading may be construed as an ultra vires claim, he has sued the wrong party. Ultra vires suits cannot be brought against the state, which retains its immunity, but must be brought against the state actors in their official capacity. *Id.* at 373. And even if Wilson had sued the proper parties, he has not complained of any State Bar conduct that would exceed its statutory authority. *See id.* at 372 (to come within the ultra vires exception, plaintiff "must allege and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act").

Wilson claimed actual and punitive damages stemming from the State Bar's alleged negligence and willful conduct. Wilson can neither recover money damages by his declaratory-judgment suit, *see Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 860 (Tex. 2002), nor pursuant to the Texas Tort Claims Act. The Tort Claims Act is not a general waiver of sovereign immunity. Instead, the Act waives immunity in three general areas: use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of tangible personal property. *See* Tex. Civ. Prac. & Rem. Code § 101.021; *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002). However, the Act does not waive immunity for the negligent or wrongful use of information contained in papers and documents. *Laubach,* 2000 WL 1675701, at *1 (citing *Dallas County v. Harper*, 913 S.W.2d 207, 207–08 (Tex. 1995); *University of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994)).

The order is reversed and judgment is here rendered dismissing Wilson's cause of action for want of jurisdiction.

_____
Bob E. Shannon, Justice

Before Justices Goodwin, Baker, and Shannon*

Reversed and Rendered

Filed:   March 20, 2019

*  Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).