**Opinion issued March 23, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00017-CV

————————————

## FRED ZELKOWITZ, Appellant

## V.

## HARRIS COUNTY DISTRICT COURT, 246TH JUDICIAL DISTRICT, TEXAS ATTORNEY GENERAL, CHILD SUPPORT DIVISION, AND HARRIS COUNTY DOMESTIC RELATIONS OFFICE, Appellees

---

### On Appeal from the 334th District Court
### Harris County, Texas
### Trial Court Case No. 2021-43318

---

## MEMORANDUM OPINION

Appellant, Fred Zelkowitz, appeals the trial court's orders granting the pleas

to the jurisdiction of appellees, the 246th District Court of Harris County, Texas

(246th District Court), the Office of the Attorney General, Child Support Division

(OAG-CSD), and the Harris County Domestic Relations Office (DRO), and dismissing his claims of negligence, harassment, fraud, and intentional infliction of emotional distress for lack of subject matter jurisdiction. On appeal, Zelkowitz contends that the trial court erred in granting appellees' pleas because appellees acted *ultra vires* which is an exception to sovereign immunity. We affirm.

## Background

On February 1, 2010, the 246th District Court signed a Final Decree of Divorce (the Decree) dissolving the marriage of Zelkowitz and his wife, Kimberly Sue Coken. The Decree ordered, among other things, that Zelkowitz pay $1,670.00 per month in child support for his three children and provide medical support to them by maintaining them as beneficiaries on the health insurance plan provided by his employer.

Coken appeared for the final divorce hearing, but Zelkowitz did not. Instead, Zelkowitz signed a notarized Waiver of Service waiving his appearance and permitting the court to consider and dispose of the case without further notice to him. The waiver was filed with the Harris County District Clerk.

On July 19, 2021, more than ten years after entry of the Decree, Zelkowitz, proceeding pro se, sued the 246th District Court, the OAG-CSD, and the DRO,

asserting claims for negligence, harassment, fraud, and intentional infliction of emotional distress and financial duress.[1] Specifically, Zelkowitz alleged:

- Appellees were negligent because they "improperly completed, implemented and enforced the Final Decree of Divorce." The 246th District Court was negligent by improperly completing the divorce decree by leaving "blank spaces" or otherwise failing to order progressively lower amounts of child support as his children reached the age of eighteen, and by ordering him to provide medical support for his children. The OAG-CSD and the DRO were negligent by never questioning the alleged defects in the Decree, continuing to enforce the full collection of the monthly child support payment, and requiring his employers to add his children to his health insurance plan;

- Appellees harassed him by excessively garnishing his paycheck, slowly diminishing his arrears, requiring his employers to add his children to his medical benefits, and continuously calling him and sending him collection letters threatening legal action;

- The 246th District Court committed fraud by filing and enforcing the Decree because it did not accurately reflect the agreement he had reached with Coken and it stated that Zelkowitz waived service when he had not done so; and

- Appellees intentionally inflicted emotional distress and financial duress on him by creating and managing his child support account without checking its accuracy and determining its true status despite his repeated objections which resulted in excessive garnishment of his wages, requiring employers to add his children to his medical benefits, placing a lien on his federal tax returns, sending letters demanding payment and threatening legal action, and crippling his relationships with Coken and his children.

---

[1] It is undisputed that Zelkowitz did not file a motion to modify his obligations under the Decree. *See* TEX. FAM. CODE § 156.001 ("A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child.").

3

Zelkowitz sought to recover actual and punitive damages.[2]

The DRO filed a combined plea to the jurisdiction and Rule 91a motion to dismiss Zelkowitz's claims on the grounds that the trial court lacked subject matter jurisdiction based on immunity. The OAG-CSD and the 246th District Court filed a plea to the jurisdiction, motion to dismiss, and motion to sever, seeking dismissal of Zelkowitz's claims for lack of subject matter jurisdiction on the grounds of sovereign immunity. Zelkowitz responded to appellees' pleas arguing, in part, that appellees' claims of immunity were barred by the *ultra vires* doctrine.

The trial court held a hearing on the OAG-CSD's and 246th District Court's plea to the jurisdiction and the DRO's plea and Rule 91a motion to dismiss. On December 13, 2021, the trial court entered orders granting appellees' pleas and the DRO's Rule 91a motion. This appeal followed.

**Briefing Waiver**

Although we liberally construe pro se briefs, we nonetheless require pro se litigants to comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating "pro se litigants are not exempt from the rules of procedure"); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–

---

[2] Zelkowitz also sought the "wiping out" of all arrears, the removal of liens and garnishments against him, appellees' acknowledgment to credit bureaus, his ex-wife, his children, and his in-laws of appellees' improper actions, and "full-ride scholarships" for his three children.

85 (Tex. 1978). On appeal, a pro se appellant must properly present his case. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

Our appellate rules have specific requirements for briefing. TEX. R. APP. P. 38. These rules require an appellant, among other things, to state concisely his complaint, provide succinct and clear argument for why his complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with appropriate record references. TEX. R. APP. P. 38.1(f), (h), and (i). This requirement, however, is not satisfied "by merely uttering brief conclusory statements unsupported by legal citations." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). "Failure to cite to legal authority and to provide a substantive analysis of the issue presented results in waiver of the complaint." *Id.*

Although Zelkowitz's brief includes a lengthy recitation of the facts he believes are relevant on appeal, it does not include any citation to legal authority or apply law that is applicable to his complaint. *See In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.) (stating failure to cite legal authority or to provide substantive analysis of the issues presented results in waiver of complaint); *Valadez*, 238 S.W.3d at 845 (noting courts have no duty, or even right, to perform independent review of record and applicable law to determine whether there was error); *see also Borisov v. Keels*, No. 01-15-00522-CV, 2016 WL 3022603, at *1–2 (Tex. App.—Houston [1st Dist.] May 26, 2016, pet. denied) (mem.

5

op.) (holding pro se appellant waived appellate issues by failing to adequately brief them where appellant's brief included neither citations to clerk's record nor any legal authorities). Having failed to comply with Texas Rule of Appellate Procedure 38.1, Zelkowitz has waived any error on appeal. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (discussing "longstanding rule" that point may be waived due to inadequate briefing).

However, even absent briefing waiver, Zelkowitz cannot prevail on his challenge to the trial court's orders granting appellees' pleas to the jurisdiction for the reasons discussed below.

## Subject Matter Jurisdiction

Zelkowitz contends that appellees acted *ultra vires* and are therefore not entitled to immunity. Appellees respond that they are immune from Zelkowitz's claims of negligence, harassment, fraud, and intentional infliction of emotional distress and financial duress because (1) these claims do not fall within the Texas Tort Claims Act's (TTCA) limited waiver of immunity, (2) the TTCA affirmatively excludes intentional torts from its waiver, and (3) harassment is not a cognizable cause of action in Texas. They further argue that Zelkowitz failed to establish an *ultra vires* claim.

## A. Standard of Review

Subject matter jurisdiction is essential to a court's power to decide a case. *City of Hous. v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013); *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009). To establish subject matter jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the claim. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *TitleMax of Tex., Inc. v. City of Austin*, 639 S.W.3d 240, 245 (Tex. App.—Houston [1st Dist.] 2021, no pet.). We review a trial court's ruling on a plea to the jurisdiction de novo. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006); *City of Hous. v. Vallejo*, 371 S.W.3d 499, 501 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

There are two general categories of pleas to the jurisdiction: (1) those that challenge only the pleadings, and (2) those that present evidence to challenge the existence of jurisdictional facts. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). When a plea to the jurisdiction challenges only the pleadings, we determine whether the pleader has alleged facts establishing the court's jurisdiction to hear the case. *Id.* at 226. Our de novo review looks to the pleader's intent and construes the pleadings in its favor. *Id.* If the plaintiff fails to

7

plead facts establishing jurisdiction, but the petition does not show incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. On the other hand, "[i]f the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend." *Id.* at 227.

Review of a plea challenging the existence of jurisdictional facts mirrors the standard of review on a motion for summary judgment. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 228 ("[T]his standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c). . . . By requiring the [S]tate to meet the summary judgment standard of proof . . . we protect the plaintiff[] from having to put on [its] case simply to establish jurisdiction." (internal quotations and citations omitted)); *see also* TEX. R. CIV. P. 166a(c). "[A] court deciding a plea to the jurisdiction . . . may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). A court may consider evidence necessary to resolve a dispute over jurisdictional facts even if the evidence "implicates both the subject matter jurisdiction of the court and the merits of the case." *Miranda*, 133 S.W.3d at 226. If the defendant meets its burden to establish the trial court lacks jurisdiction, the plaintiff is then required to

show there is a question of material fact over the jurisdictional issue. *Id.* at 227–28. If the evidence raises a fact issue concerning jurisdiction, the plea cannot be granted, and the fact finder must resolve the issue. *Id.* On the other hand, if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id.*; *see also Garcia*, 372 S.W.3d at 635.

## B. Applicable Law

Sovereign immunity and its counterpart for political subdivisions, governmental immunity, protect the State and its political subdivisions, including counties, cities, and municipalities, from lawsuits and liability for money damages. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). "Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Miranda*, 133 S.W.3d at 225–26. "Absent a valid statutory or constitutional waiver, trial courts lack subject-matter jurisdiction to adjudicate lawsuits against municipalities." *Suarez v. City of Tex. City*, 465 S.W.3d 623, 631 (Tex. 2015). The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed. *Miranda*, 133 S.W.3d at 226.

## C. Analysis

The 246th District Court, the OAG-CSD, and the DRO are governmental units protected by sovereign immunity. *See* TEX. GOV'T CODE § 24.423(a) ("The 246th

9

Judicial District is composed of Harris County."); TEX. CONST., art. IV, §§ 1, 22

("The Executive Department of the State shall consist of a Governor, who shall be

the Chief Executive Officer of the State, a Lieutenant Governor, Secretary of State,

Comptroller of Public Accounts, Commissioner of the General Land Office, and

Attorney General."); *Travis Cnty. v. Pelzel & Assocs., Inc.*, 77 S.W. 3d 246, 248

(Tex. 2002) ("A county is a governmental unit protected by the doctrine of sovereign

immunity." (citing TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B))). Thus, appellees

are protected from lawsuits and liability for money damages absent a valid waiver.

*See Suarez*, 465 S.W.3d at 631; *Reata Constr.*, 197 S.W.3d at 374.

The TTCA is a limited waiver of governmental immunity. *LeLeaux v.*

*Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). Section

101.021 of the TTCA provides that a governmental unit is liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

10

TEX. CIV. PRAC. & REM. CODE § 101.021. Zelkowitz bore the burden to establish jurisdiction by pleading—and ultimately proving—not only a valid immunity waiver but also a claim that falls within the waiver. *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 135–36 (Tex. 2015); *Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 586–87 (Tex. 2001).

### 1.    Negligence Claim

In his petition, Zelkowitz alleged that appellees "improperly completed, implemented and enforced the Final Decree of Divorce." He alleged that the 246th District Court was negligent by improperly completing the divorce decree by leaving "blank spaces" or otherwise failing to order progressively lower amounts of child support as his children reached the age of eighteen, and by ordering him to provide medical support for his children. He alleged that the OAG-CSD and the DRO were negligent by never questioning the alleged defects in the Decree and continuing to enforce the full collection of the monthly child support payment and requiring his employers to add his children to his health insurance plan.

As discussed above, the TTCA provides a limited waiver of immunity for claims involving a government employee's negligent use of a motor vehicle or motor-driven equipment or a premises liability claim arising from a condition or use of tangible personal or real property. TEX. CIV. PRAC. & REM. CODE § 101.021; *see Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). None of

11

Zelkowitz's allegations implicate Section 101.021's provisions. Rather, his claims are based on the alleged use of or misuse of *intangible* property—i.e., the child support and medical benefit provisions of the Decree—and do not involve the use of tangible personal property. *See Jefferson Cnty. v. Sterk*, 830 S.W.2d 260, 263 (Tex. App.—Beaumont 1992, writ denied) (noting capias is order of trial court to sheriff to bring person before court and not tangible property for purposes of TTCA waiver; fact that order was reduced to writing did not change its character); *Robinson v. City of San Antonio*, 727 S.W.2d 40, 43 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.) (concluding protective order was decision and pronouncement by district court approving agreement between parties in civil suit and not tangible property; that agreement was reduced to writing and filed with court did not make it tangible property); *see also Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 178–79 (Tex. 1994) ("While the paper on which doctors and nurses may record information about a patient's condition is tangible in that paper can be seen and touched, information itself is an abstract concept, lacking corporeal, physical, or palpable qualities. Information thus, is intangible; the fact that information is recorded in writing does not render the information tangible property."). Zelkowitz's negligence claim does not fall within the TTCA's limited waiver of governmental immunity.

## 2. Intentional Torts

Zelkowitz also asserted claims for fraud and intentional infliction of emotional distress against appellees. These are intentional torts for which the TTCA provides no waiver of immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or *any other intentional tort*[.]") (emphasis added); *Wije v. Burns*, No. 01-19-00024-CV, 2020 WL 5269414, at *6 (Tex. App.—Houston [1st Dist.] Sept. 3, 2020, pet. denied) (mem. op.) ("Fraud . . . and intentional infliction of emotional distress are intentional torts."); *Bates v. Pecos Cnty.*, 546 S.W.3d 277, 292 (Tex. App.—El Paso 2017, no pet.) ("Intentional infliction claims do not fall within the TTCA waivers, and are accordingly barred."); *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 219 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("[T]he Legislature has not waived immunity with respect to the intentional tort of fraud."). Zelkowitz has not established a waiver of sovereign immunity for his intentional tort claims.

## 3. Harassment

Zelkowitz also asserted a claim of harassment against appellees. However, he has not established that a civil cause of action for harassment exists. *See Long Canyon Phase II and III Homeowners Ass'n, Inc. v. Cashion*, 517 S.W.3d 212, 223 (Tex. App.—Austin 2017, no pet.) ("While a criminal offense of harassment exists,

the Cashions have not established that a civil cause of action for harassment exists and that evidence of the HOA's conduct makes a prima facie case on all of the elements of that cause.").

### 4.    Ultra Vires Claim

Zelkowitz contends that the trial court erred in granting appellees' pleas to the jurisdiction because they acted *ultra vires* and are therefore not entitled to sovereign immunity. Appellees respond that Zelkowitz cannot establish a valid *ultra vires* claim.

In certain narrow instances, a suit against a government official can proceed even in the absence of a waiver of immunity if the official's actions are *ultra vires*. *Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 344 (Tex. 2019); *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)). An *ultra vires* action requires a plaintiff to "allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Hall*, 508 S.W.3d at 238. A government officer with some discretion to interpret and apply a law may nevertheless act without legal authority—and thus act *ultra vires*—if the officer exceeds the bounds of his granted authority or if his acts conflict with the law itself. *Id.*; *Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 164 (Tex. 2016) ("[G]overnmental immunity only extends to those government officers

who are acting consistently with the law, which includes those who act within their granted discretion."). "Ministerial acts" are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Hall*, 508 S.W.3d at 238 (quoting *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015)). The basic justification for this *ultra vires* exception to sovereign immunity is that *ultra vires* acts—or those acts without authority—should not be considered acts of the state at all. *Id.* (citing *Cobb v. Harrington*, 190 S.W.2d 709, 712 (1945)). Consequently, "*ultra vires* suits do not attempt to exert control over the state—they attempt to reassert the control of the state" over one of its agents. *Heinrich*, 284 S.W.3d at 372.

Here, Zelkowitz has sued three governmental entities rather than a specific government actor in his official capacity. *See id.* at 372–73 (clarifying that governmental entities themselves are not proper parties to *ultra vires* suit; instead, plaintiff must sue relevant officers in their official capacities). While Zelkowitz acknowledges that *ultra vires* suits must be brought against a government official in his official capacity rather than the governmental entity itself, he argues, with no citation to legal authority, that "[i]t's the institutional incompetence within these entities that makes ultra vires a valid argument against the entities and not the individuals." This argument is unavailing. *See Merrell v. City of Sealy*, No. 01-21-

15

00347-CV, 2022 WL 3970078, at *13 (Tex. App.—Houston [1st Dist.] Sept. 1, 2022, no pet.) (mem. op.) ("[M]erely asserting legal conclusions or labeling a defendant's actions as 'ultra vires,' 'illegal', or 'unconstitutional' is insufficient to plead an ultra vires claim—what matters is whether the facts alleged constitute actions beyond the governmental actor's statutory authority, properly construed." (quoting *Brown v. Daniels*, No. 05-20-00579-CV, 2021 WL 1997060, at *8 (Tex. App.—Dallas May 19, 2021, no pet.) (mem. op.))). Zelkowitz has not alleged a proper *ultra vires* claim against appellees.

Because Zelkowitz has failed to state a claim that waives appellees' sovereign immunity, the trial court did not err by granting appellees' pleas to the jurisdiction and the DRO's Rule 91a motion to dismiss. We overrule Zelkowitz's issues.

## Conclusion

We affirm the trial court's order granting appellees' pleas to the jurisdiction and the DRO's Rule 91a motion to dismiss and dismissing Zelkowitz's claims for lack of subject matter jurisdiction.


Amparo Guerra
Justice

Panel consists of Justices Landau, Countiss, and Guerra.

16