Shah Popal v. Las Colinas Village















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00338-CV

     SHAH W. POPAL,
                                                                              Appellant
     v.

     LAS COLINAS VILLAGE, LTD.,
                                                                              Appellee
 

From the 101st District Court
Dallas County, Texas
Trial Court # 03-0114-E
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellant has filed a motion to dismiss this appeal under Rule of Appellate Procedure
42.1(a)(1). See Tex. R. App. P. 42.1(a)(1). Appellee does not oppose the motion. 
Accordingly, the appeal is dismissed.
                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Appeal dismissed
Opinion delivered and filed March 17, 2004
Do not publish
[CV06]



l;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Univers", sans-serif;
 font-size: 10pt;
 font-weight: normal;
 font-style: normal
}














IN THE
TENTH COURT OF APPEALS
 

No. 10-94-210-CV

     DEWELL RAY HARPER,
                                                                                              Appellant
     v.

     LARRY NEWTON AND DEBBIE NEWTON,
     INDIVIDUALLY AND D/B/A BOSQUE
     COUNTY NEWS, ET AL.,
                                                                                              Appellees
 

From the 220th District Court
Bosque County, Texas
Trial Court # 92-04-08092-BCCV
                                                                                                    

O P I N I O N
                                                                                                    

      Dewell Harper appeals from a summary judgment granted in favor of Dallas County. Harper
claimed that the County injured him when it released a copy of an indictment charging him with
theft after the records relating to that allegation had been expunged. See Tex. Code Crim. Proc.
Ann. art. 55.01 (Vernon Supp. 1995). The County moved for a summary judgment on the basis
of the statute of limitations and sovereign immunity. We will reverse and remand for a trial.
      Running as the incumbent, Harper lost the Democratic Party's 1992 primary election for
sheriff of Bosque County. During the campaign William George, a supporter of Hollis Bogart,
Harper's primary opponent, distributed copies of an indictment charging Harper with theft in
Dallas County by posting copies of it on a bulletin board at the Bosque County courthouse, by
handing copies to people in front of the VFW building in Clifton, and by leaving copies on
windshields of vehicles and at mailboxes in several towns in Bosque County. Additionally,
George took out advertisements in the Bosque County News, the local newspaper, alleging, among
other claims, that Harper had been indicted for theft in Dallas County.
      After losing the election, Harper sued George, Bogart, Bosque County, and the newspaper
and its owners. After Harper learned during George's deposition that he had obtained a copy of
the indictment from the Dallas County District Clerk's office in mid-May 1991, Harper amended
his pleadings on February 3, 1994, to add the County as a defendant. In the amended petition,
Harper alleged that "[the County,] by and through its Clerk of the District Courts, certified, and
wrongfully and [illegally] released, disseminated, published and circulated, or caused to be
certified, and wrongfully and [illegally] released, disseminated, published and circulated, and
provided to defendant [George] a certified copy of an instrument alleging to be a Grand Jury
Indictment against the plaintiff in violation of Chapter 55 of the Texas Code of Criminal
Procedure." 
      The County moved for a summary judgment, arguing that Harper's claims were barred by the
one-year statute of limitations governing defamation actions and that it was immune from suits for
defamation. See Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (Vernon 1986), § 101.057(2)
(Vernon 1986). In his response, Harper claimed that the County's immunity was waived under
the Texas Tort Claims Act and by the expunction provisions of the Code of Criminal Procedure. 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.021; Tex. Code Crim. Proc. Ann. art. 55.04. 
In reply, the County asserted that the indictment was not "tangible personal property." See Tex.
Civ. Prac. & Rem. Code Ann. § 101.021(2). 
      After a hearing, the court granted the County a general take-nothing judgment.


 In this court,
Harper raises two points of error disputing both theories advanced by the County in the trial
court—arguing, first, that the County's sovereign immunity has been waived and, second, that he
filed his suit against the County within one year of discovering the source of George's copy of the
indictment.
      We review the court's ruling under the well-established rules relating to summary judgments. 
See Tex. R. Civ. P. 166a(c); McConnell v. Southside School Dist., 858 S.W.2d 337 (Tex. 1993);
Nixon v. Mr. Property Management, 690 S.W.2d 546 (Tex. 1985); City of Houston v. Clear Creek
Basin Authority, 589 S.W.2d 671 (Tex. 1979). The court could grant the summary judgment only
if there were no issues of material fact and the County was entitled to the judgment as a matter of
law. See id. Because the court did not indicate which of the two alternative grounds it was basing
its ruling on, Harper must show that the summary judgment was improper on each of the grounds
in the County's motion. See Rogers v. Ricane Enterprises, Inc., 772 S.W.2d 76, 79 (Tex. 1989). 
Thus, if either of the County's theories is correct, we must uphold the court's judgment.
      In point one, Harper argues that the County's sovereign immunity has been waived by the
Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.025. Under the
doctrine of sovereign immunity, the County, as a governmental unit, would not be liable for the
acts of its employees absent a constitutional or statutory waiver of the immunity. University of
Texas Med. Branch v. York, 871 S.W.2d 175, 177 (Tex. 1994); IDC, Inc. v. County of Nueces,
814 S.W.2d 91, 93 (Tex. App.—Corpus Christi 1991, writ denied). In the Tort Claims Act the
legislature waived governmental immunity for certain torts. Id.; Tex. Civ. Prac. & Rem. Code
Ann. §§ 101.021, 101.025. However, the waiver provisions of the Act do not apply to "a claim
arising out of [an] intentional tort." Id. § 101.057(2). 
      The County argued in its motion for a summary judgment that it was immune from suits for
defamation. If Harper's claims against the County are based on an intentional tort, the court's
ruling is correct.


 In his first amended original petition, Harper alleged:
The actions of [the County] were careless, reckless, and heedless to the rights of
plaintiff and plaintiff's privacy and have forced plaintiff to forego the protection and
anonymity afforded by Chapter 55, Texas Code of Criminal Procedure[,] to citizens
wrongfully accused . . . .
Resolving any doubt about the sufficiency of the pleading in favor of Harper, the nonmovant, we
conclude that Harper's claim—that the County was "careless . . . and heedless to [his] privacy"
rights—adequately states a claim that the County was negligent. See McDuff v. Chambers, 895
S.W.2d 492, 496 (Tex. App.—Waco 1995, writ req'd). Thus, Harper's petition alleges a
negligent cause of action against the County, and the court could not have granted a summary
judgment in favor of the County strictly on the theory that it is immune from suits based on an
intentional tort.



       Harper's negligence claim states a cause of action that may be actionable under the Tort
Claims Act. The parties joined issue in the trial court over whether the indictment is tangible
personal property. The County can be liable for "personal injury and death so caused by a
condition or use of tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law." See Tex. Civ. Prac. & Rem.
Code Ann. § 101.021(2). Thus, we must determine if an "indictment" is "tangible personal
property" within the meaning of this section of the Act. If it is, then the court erred in granting
summary judgment on the sovereign-immunity theory presented in the County's motion for a
summary judgment.
      "[T]angible personal property refers to something that has a corporeal, concrete, and palpable
existence." York, 871 S.W.2d at 178. Because information is an abstract concept, lacking
corporeal, physical, or palpable qualities, it is intangible. Id. at 179. Reducing information to
writing on a tangible piece of paper does not alter its basic intangible nature. Id. Thus, the use
or misuse of information does not constitute the use or misuse of tangible personal property and,
so, does not result in wavier of sovereign immunity. Id.
      In York, the court held that failure to record information and failure to rely on information
which had been recorded in a patient's medical records is not use or misuse of tangible personal
property sufficient to waive governmental immunity. Id. Since York, this rule has been applied
in a variety of situations to uphold claims of sovereign immunity.


 Other pre-York decisions
reached the same result, usually based on the "nonuse" of tangible personal property.


 However,
two pre-York cases explicitly rest on the information-is-not-tangible-property theory adopted by
the York court. See Jefferson County v. Sterk, 830 S.W.2d 260, 263 (Tex. App.—Beaumont 1992,
writ denied) (capias not tangible personal property because it is an order to the sheriff by the
district court which has been reduced to writing); Robinson v. City of San Antonio, 727 S.W.2d
40, 43 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.) (protective order not tangible personal
property because the order was a decision of the court and the fact that it had been reduced to
writing did not transform the decision into tangible property). The County relies on these two
cases for its argument that the indictment is not tangible property.
      We believe, however, that the York characterization does not apply to an indictment and that
the County's reliance on Sterk and Robinson is equally misplaced. In York and each of the cases
cited which follow it, the papers memorialized a fact or decision that existed independently of the
paper. That is, the information existed independently outside of the paper it was recorded on—the
point that the York court made when it held that "the fact that information is recorded in writing
does not render the information tangible property." York, 871 S.W.2d at 179. Thus, the papers
at issue in these cases were "merely incidental" to the claims alleged. See Montoya v. John Peter
Smith Hosp., 760 S.W.2d 361, 364 (Tex. App.—Fort Worth 1988, writ denied).
      The same cannot be said for an indictment. An indictment is "the written statement of a grand
jury accusing a person therein named of some act or omission which, by law, is declared to be an
offense." Tex. Code Crim. Proc. Ann. art. 21.01 (Vernon 1989). Thus, a necessary component
of an "indictment" is the writing. Until the indictment is issued, there is no accusation of an
offense. The indictment cannot exist independent of the writing itself. It may only be amended
by physical alteration to the instrument. See Ward v. State, 829 S.W.2d 787, 793 (Tex. Crim.
App. 1992). An indictment is not an order or a charge by the grand jury. Rather, it is specifically
the writing for presentment to the court. See Tex. Code Crim. Proc. Ann. arts. 20.20, 20.21,
20.22 (Vernon 1977 & Supp. 1995). Absent the writing, there is no indictment. Thus, an
"indictment" is not information which has been recorded in the York sense, rather, an indictment
is a piece of paper. Because paper is tangible in that it can be seen and touched, an indictment is
personal tangible property within the Act. See York, 871 S.W.2d at 178-79; Tex. Civ. Prac. &
Rem. Code Ann. § 101.021(2). 
      For the same reasons, we reject the County's reliance on Sterk and Robinson. As the
Beaumont court recognized, the capias in Sterk was the written recording of the court's order to
bring Sterk before it. Sterk, 830 S.W.2d at 263. If the court had failed to have its order reduced
to writing, such failure may have affected the validity of Sterk's arrest; however, the failure would
not have affected the validity of the court's order. Likewise, the protective order in Robinson
memorialized the court's order establishing the parameters of the parties' contacts. Robinson, 727
S.W.2d at 41, 43. Failing to reduce the order to writing may have limited enforcement of the
order, but it would have remained a valid order by the court. Thus, the holdings of the Sterk and
Robinson courts, while in line with the Supreme Court's holding in York, are not applicable to the
situation here. 
      Therefore, because Harper's claims against the County sound in negligence and the indictment
is tangible personal property, we conclude that the County failed to show that it was entitled to
sovereign immunity. Thus, the court erred if it granted summary judgment on this theory. Point
one is sustained.
      In point two, Harper argues that the court could not grant the County a summary judgment
on the theory that the statute of limitations had run. The County failed to conclusively establish
that the one-year statute of limitations applies to Harper's claims. If Harper is claiming an
invasion-of-privacy tort, the two-year statute of limitations may apply. See Stevenson v.
Koutzarov, 795 S.W.2d 313, 319 (Tex. App.—Houston [1st Dist.] 1990, writ denied); Tex. Civ.
Prac. & Rem. Code Ann. § 16.003(a); but see Cain v. Hearst Corp., 878 S.W.2d 577, 581-83
(Tex. 1994) (indicating possibility of applying the defamation procedural and substantive
limitations to invasion-of-privacy torts in a decision refusing to recognize the tort of "false light"). 
The only argument presented by the County to the court about the statute of limitations expressly
relied on the one-year defamation statute of limitations. Thus, the court could not have properly
granted the County's summary judgment motion on the theory of limitations.
      Additionally, even if Harper's claims are for defamation, the County failed to carry its burden
of proof. The "discovery rule" applies to actions for defamation. See Langston v. Eagle Pub.
Co., 719 S.W.2d 612, 615 (Tex. App.—Waco 1986, writ ref'd n.r.e.). "Under this rule, a statute
of limitation does not begin to run until the injured party learns of, or in the exercise of reasonable
diligence, should have learned of the injury or wrong giving rise to the action." Id. Because the
County moved for a summary judgment based on limitations, it had the burden of negating the
discovery rule by proving as a matter of law that there were no genuine issues of fact about when
Harper discovered or should have discovered the nature of the injury. See Burns v. Thomas, 786
S.W.2d 266, 267 (Tex. 1990). Harper alleged that the injury inflicted upon him by the County
was the release of the indictment to George contrary to the expunction order, not the publication
of the indictment by George. The County failed to establish that Harper should have known that
George obtained the indictment from the District Clerk's Office after it had been expunged. Thus,
the County failed to establish that Harper should have discovered "the nature of the injury" more
than one year before filing his suit. See id. Point two is sustained.
      Having sustained both of Harper's points of error, we reverse the court's judgment and
remand this cause for trial.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed July 12, 1995
Publish