**Affirmed and Memorandum Opinion filed April 3, 2025.**



In The

# Fifteenth Court of Appeals

_____

## NO. 15-24-00024-CV

_____

**STEVEN J. STRINGFELLOW, Appellant**

**V.**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee**

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1213018**

## MEMORANDUM OPINION

Appellant Steven J. Stringfellow, proceeding pro se, sued appellee the Texas Department of Public Safety (DPS) for "unlawfully post[ing] a defamatory picture of [Stringfellow] on [his] public criminal record[.]" DPS filed a plea to the jurisdiction arguing that Stringfellow could not establish that the Texas Tort Claims Act (Tort Claims Act or the Act) waived its governmental immunity. Stringfellow amended his petition to add several additional claims, all arising out of the photograph on the DPS website. DPS filed an amended plea to the jurisdiction,

which the trial court granted.

Reviewing the jurisdictional allegations, taking them as true, and construing them in favor of Stringfellow, we conclude that Stringfellow's amended petition does not present a tort claim for which immunity is waived and affirm the trial court's order granting DPS's plea to the jurisdiction. We further hold that Stringfellow has inadequately briefed a challenge to the trial court's grant of DPS's plea to the jurisdiction on Stringfellow's constitutional claims.

## BACKGROUND

According to Stringfellow's pleadings, DPS posted a photograph of him on his public criminal record, which is maintained by DPS. Stringfellow's original petition asserted claims of defamation, abuse of process, mental anguish, and violations of the Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. Stringfellow's primary complaint was that the photograph posted on the DPS website was not the most recent photo of him and that the photo depicted him in an unfavorable light. Specifically, Stringfellow asserted that the photo was taken after he was arrested in connection with an altercation, which showed damage to his face, but he was not convicted on that offense. Stringfellow asserted the posting of the photograph in connection with another conviction harmed him in that potential landlords could see the photo and deny him affordable housing. Stringfellow asserted that DPS had a more recent photograph tied to another conviction, which they could post on his criminal record. Stringfellow filed suit after DPS attempted to correct the alleged error, but, according to Stringfellow, DPS did not accurately correct its website.

DPS filed a plea to the jurisdiction in which it alleged that Stringfellow failed to plead a waiver of DPS's governmental immunity under the Tort Claims Act. DPS asserted that the majority of the claims asserted by Stringfellow were allegations of

2

intentional torts, which are barred by governmental immunity. DPS further asserted that Stringfellow's claims did not fall within any other exception to the Tort Claims Act.

Stringfellow then amended his petition to add claims for "unintentional libel," misrepresentation, negligence, gross negligence, obstruction of justice, deceit, and violations of the Ninth and Tenth Amendments to the U.S. Constitution. DPS amended its plea to the jurisdiction again asserting that Stringfellow failed to plead a waiver of immunity under the Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code § 101.021. DPS argued that certain of Stringfellow's claims asserted intentional torts but also argued that Stringfellow failed to assert waiver of immunity because he failed to adequately plead that his claim arose from personal injury caused by a condition or use of tangible personal or real property. The trial court granted DPS's amended plea to the jurisdiction and dismissed Stringfellow's claims with prejudice. This appeal followed.

## ANALYSIS

### I.

"Because sovereign immunity implicates a trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction." *Christ v. Texas Dep't of Transp.*, 664 S.W.3d 82, 86 (Tex. 2023). We review a trial court's ruling on a plea to the jurisdiction, including any questions of statutory construction, de novo. *Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019). We review subject-matter jurisdiction issues de novo because they present questions of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In suits against a state entity, the plaintiff has the burden to prove that the pleaded facts, if true, affirmatively demonstrate that sovereign immunity either is inapplicable or has been waived. *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex.

3

2021).

Sovereign immunity protects the State of Texas and its agencies, such as DPS, against lawsuits for damages unless the State consents to be sued. *Gulf Coast Ctr. v. Curry*, 658 S.W.3d 281, 283 (Tex. 2022). "In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by establishing a valid waiver of immunity." *Id*. at 284. The Tort Claims Act waives DPS's sovereign immunity for certain kinds of tort claims. *See id.*; *City of Dallas v. Sanchez*, 494 S.W.3d 722, 726 (Tex. 2016) (per curiam). Therefore, we must look to the terms of the Act to determine the scope of its waiver, and then must consider the pleadings before us to determine whether it comes within that scope. *Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

When considering a plea to the jurisdiction, our analysis begins with the live pleadings. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). We first determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226. In doing so, we construe the pleadings liberally in favor of the plaintiff, and unless challenged with evidence, we accept all allegations as true. *Id*. at 226–27. The plea must be granted if the plaintiff's pleadings affirmatively negate the existence of jurisdiction or if the defendant presents undisputed evidence that negates the existence of the court's jurisdiction. *Heckman*, 369 S.W.3d at 150.

## II.

In what we construe as his first issue, Stringfellow argues that the trial court erred by dismissing his tort claims for lack of jurisdiction. According to Stringfellow, the Tort Claims Act waives DPS's sovereign immunity for these claims.

The Tort Claims Act waives sovereign immunity from suits arising from: (1)

4

the negligent conduct of an employee if property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or equipment if the employee would be personally liable to the claimant; and (2) from injuries caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. Tex. Civ. Prac. & Rem. Code § 101.021; *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). Here, the conduct of which Stringfellow complains does not involve the operation or use of a motor-driven vehicle or equipment. Stringfellow's claims arise from the posting of an allegedly defamatory photograph.

Sovereign immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). The specific Tort Claims Act provision under which Stringfellow alleges waiver provides that "[a] governmental unit in the state is liable for . . . personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(2). Although this provision speaks in terms of waiver of immunity from liability, the Act also waives immunity from suit to the same extent. Tex. Civ. Prac. & Rem. Code § 101.025(a) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter.").

In reviewing pleadings to determine whether sovereign immunity has been waived, courts look to the substance of a plaintiff's claim, not the plaintiff's characterization of his claims. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Stringfellow's allegation that DPS defamed him and otherwise violated his constitutional rights by allowing a photograph to be displayed on his

5

criminal record is an allegation about communication or publication of his image. The substance of Stringfellow's claim is that DPS communicated an unflattering photo of him to the public. Stringfellow does not dispute that the photograph depicts him and the criminal record posted with the photograph belongs to him. He asserts that the photograph was taken in relation to a "booking" from which no charges were filed. Stringfellow alleged the photograph was taken after an "altercation" and does not reflect the way he looked at the time he was convicted for the offense that accompanies the photograph on the DPS website.

In the trial court, DPS argued that Stringfellow has not pleaded facts establishing injury caused by a condition or use of tangible personal property. The Texas Supreme Court distinguishes between tangible property that is itself the instrument of harm and tangible property that merely conveys information. *See Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 178–79 (Tex. 1994) (holding that plaintiff had not alleged injury from the use of "tangible personal property" where plaintiff complained of injury from the use, misuse, or nonuse of information recorded in a patient's medical record). The Court has long held that information is not tangible personal property because it is an abstract concept that "lacks corporeal, physical, or palpable qualities." *Petta*, 44 S.W.3d at 580. Defamatory publications, even when in the format of a physical document, do not escape sovereign immunity. *See Dallas County v. Harper*, 913 S.W.2d 207, 207–08 (Tex. 1995) (per curiam) (holding that information in an indictment was not "tangible personal property" for purposes of the Tort Claims Act) (citing *York*, 871 S.W.2d at 179).

Under *York* and *Dallas County*, DPS's alleged publication of a particular photograph of Stringfellow does not constitute "a condition or use of tangible personal property." Stringfellow alleges that he was harmed by the information that

the photograph conveyed—namely, what he looked like at the time that the photograph was taken. Nor has Stringfellow pleaded any injury resulting from a condition or use of real property, which is the "[l]and and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land." *Property*, BLACK'S LAW DICTIONARY (12th ed. 2024). Accordingly, we overrule his first issue.

DPS further argued that the Tort Claims Act does not waive DPS's sovereign immunity for Stringfellow's tort claims alleging intentional conduct by DPS, including his allegations of intentional libel, misrepresentation, deceit, obstruction of justice, abuse of process, and intentional infliction of emotional distress. The Tort Claims Act's immunity waiver "does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort . . .." Tex. Civ. Prac. & Rem. Code § 101.057(2); *see Tex. Dep't of Criminal Just. v. Rangel*, 595 S.W.3d 198, 204 n.4 (Tex. 2020) (describing the "intentional-tort exception" to the Tort Claims Act's waiver of immunity). Accordingly, for this additional reason, the trial court did not err by dismissing Stringfellow's intentional-conduct claims.

### III.

In what we construe as his second issue, Stringfellow challenges the trial court's dismissal of his claims that DPS violated his constitutional rights guaranteed by the Fifth, Ninth, Tenth, and Fourteenth amendments by publishing the photograph in question on his "public criminal record."

Although we liberally construe the arguments in a pro se litigant's brief, a pro se litigant nevertheless must comply with the Texas Rules of Appellate Procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (concluding that "pro se litigants are not exempt from the rules of procedure"). Texas Rule of Appellate Procedure 38.1 required Stringfellow to make "a clear and concise argument for the

contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i).[1] "An appellant's issue on appeal that is unsupported by argument or citation to legal authority presents nothing for an appellant court to review." *Flores v. State*, No. 08-21-00045-CV, 2022 WL 1115409, at *3 (Tex. App.—El Paso Apr. 14, 2022, pet. denied) (mem. op.); *see also Strickland v. iHeartMedia, Inc.*, 665 S.W.3d 739, 743 (Tex. App.—San Antonio 2023, pet. denied).

Stringfellow was required to allege facts that affirmatively demonstrated the court's jurisdiction to hear the claim. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). Although Stringfellow's brief is replete with long explanations of the facts giving rise to his lawsuit, Stringfellow does not explain how these facts translate into violations of the federal Constitution. Furthermore, he cites no legal authority, and so cannot demonstrate any error in the trial court's dismissal of these claims for lack of jurisdiction. At base, Stringfellow's pleadings establish only that he was harmed by the publication of a photograph—a photograph that constitutes neither real property nor tangible personal property for purposes of the Tort Claims Act. Stringfellow cannot evade sovereign immunity with creative pleading. *See Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 392 (Tex. 2011). Simply mentioning a constitutional provision is not enough to demonstrate a waiver of sovereign immunity, as "immunity from suit is not waived if the constitutional claims are facially invalid." *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015). We overrule Stringfellow's second issue.

**IV.**

After DPS filed its original plea to the jurisdiction, Stringfellow amended his

---

[1] When Stringfellow filed his opening brief, we struck the brief, and required him to file an amended brief in compliance with Texas Rule of Appellate Procedure 38.1. Stringfellow filed an amended brief, which we review in this opinion.

pleading. Having been provided a reasonable opportunity to amend after the government filed its plea to the jurisdiction, Stringfellow's amended petition still did not allege facts that would constitute a waiver of immunity. Reviewing the jurisdictional allegations, taking them as true, and construing them in favor of Stringfellow, we conclude that Stringfellow's amended petition does not present a claim for which immunity is waived and affirm the trial court's order granting DPS's plea to the jurisdiction and dismissing the claims with prejudice. *See Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 101 (Tex. 2023) ("Once the defendant's jurisdictional plea gives notice of the jurisdictional defect, however, and the plaintiff responds with an amended pleading that 'still does not allege facts that would constitute a waiver of immunity,' then the trial court should order the case dismissed with prejudice.").

## V.

Having disposed of the merits of Stringfellow's claims, we turn to two motions Stringfellow filed during the pendency of this appeal.

On January 27, 2025, Stringfellow filed a "Motion for Summary Judgment" in this Court. In his motion Stringfellow makes generalized complaints about "civil sovereignty" and "federal recession," but he does not assert challenges to the trial court's ruling on the plea to the jurisdiction.

On February 14, 2025, Stringfellow filed a "Motion of Frivolous Claim" pursuant to Chapter 105 of the Civil Practice and Remedies Code. Chapter 105, referred to as the "Frivolous Claims Act," permits a party opposing the State in a civil action to be awarded attorney's fees, costs, and expenses when the State agency asserts a claim that is frivolous. Tex. Civ. Prac. & Rem. Code § 105.002(1). Stringfellow's motion asserts that DPS's plea to the jurisdiction is frivolous. The plea was not frivolous, unreasonable, or without foundation.

9

**CONCLUSION**

We overrule Stringfellow's issues on appeal and affirm the order of the trial court dismissing his claims against DPS. We deny Stringfellow's motion for summary judgment and motion of frivolous claim.


<u>/s/ April L. Farris</u>
April Farris
Justice


Before Chief Justice Brister and Justices Field and Farris.